UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

DANtrell JAYVONE SIMS #770573

(Enter above the full name of the plaintiff(s), including prisoner number, in this action. If you cannot list all plaintiffs in the space provided, please write "see attached" and list all names on an additional page.)

v.

Officer Schimmelpenny
Officer Balbierz
Other Involved officers

(Enter above the full name of the defendant(s) in this action. If you cannot list all defendants in the space provided, please write "see attached" and list all names on an additional page.)

**FILED - GR**
March 19, 2024 11:38 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: KB  SCANNED BY: KB 3/19

**2:24-cv-42**
**Maarten Vermaat**
**U.S. Magistrate Judge**

**COMPLAINT**
*(Print Clearly)*

I. **Previous Lawsuits**

   **CAUTION:** The Prison Litigation Reform Act has resulted in substantial changes in the ability of incarcerated individuals to initiate lawsuits in federal courts without prepayment of the civil action filing fee. Accurate and complete responses are required concerning your litigation history. Generally, a plaintiff's failure to accurately and completely answer the questions set forth below will result in denial of the privilege of proceeding *in forma pauperis* and require you to pay the entire $402.00 filing fee regardless of whether your complaint is dismissed.

   A. Have you ever filed a lawsuit while incarcerated or detained in any prison or jail facility?    Yes ☐   No ☑

   B. If your answer to question A was yes, for each lawsuit you have filed you must answer questions 1 through 5 below. Attach additional sheets as necessary to answer questions 1 through 5 below with regard to each lawsuit.

      1. Identify the court in which the lawsuit was filed. If it was a state court, identify the county in which the suit was filed. If the lawsuit was filed in federal court, identify the district within which the lawsuit was filed.

      2. Is the action still pending?    Yes ☐   No ☐

         a. If your answer was no, state precisely how the action was resolved: _____

      3. Did you appeal the decision?    Yes ☐   No ☐

      4. Is the appeal still pending?    Yes ☐   No ☐

         a. If not pending, what was the decision on appeal? _____

      5. Was the previous lawsuit based upon the same or similar facts asserted in this lawsuit?   Yes ☐   No ☐

         a. If so, explain: _____

II. **Parties**

A. Plaintiff(s)

Enter your name, place of confinement, address, and place of confinement during the events described in the complaint in the blanks below. Provide the same information for any additional plaintiffs. Attach extra sheets as necessary.

Name of Plaintiff **Dantrell Jayvone Sims**
Place of Present Confinement **Bellamy Creek Correctional Facility**
Address **1727 Bluewater Hwy, Ionia, MI 48846**
Place of Confinement During Events Described in Complaint **Chippewa Correctional Facility (URF)**

B. Defendant(s)

Complete the information requested below for each defendant in this action, including whether you are suing each defendant in an official and/or personal capacity. Provide the same information for each additional defendant. If there are more than six defendants attach extra sheets as necessary.

Name of Defendant #1 **Officer Schimmelpenny**
Position or Title **Officer**
Place of Employment **MDOC**
Address **Unknown**
Official and/or personal capacity? **Official and Personal**

Name of Defendant #2 **Officer Balbierz**
Position or Title **Officer**
Place of Employment **MDOC**
Address **Unknown**
Official and/or personal capacity? **Official & Personal**

Name of Defendant #3 **Unknown Officer**
Position or Title **Officer**
Place of Employment **MDOC**
Address
Official and/or personal capacity? **Official & Personal**

Name of Defendant #4 **Unknown Officer**
Position or Title **Office**
Place of Employment **MDOC**
Address
Official and/or personal capacity? **Official & Personal**

Name of Defendant #5 **Unknown Officer**
Position or Title **Officer**
Place of Employment **MDOC**
Address
Official and/or personal capacity? **Official and Personal**

(W.D. Mich. Form – Last Revised: September 2021)

III. **Statement of Claim**

State here the **facts** of your case. Describe how each defendant is personally involved. Include also the names of other persons involved, dates and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. **Do not include unrelated claims.** Use as much space as you need. Attach extra sheets if necessary.

Written on Page 4 ½

This incident began around noon at the Chippewa Correctional Facility (URF) while the plaintiff was in his assigned cell 143 on A wing. Lunch meals had just been passed to the inmates on A wing.

The plaintiff made a complaint to the officers on base about an item missing from his tray. He pressed the button to communicate with the officers on the base. He requests were denied so he requested to speak with a sergeant.

A few minutes later, an officer approached cell 143 and spoke with the plaintiff. The officer leaves shortly afterwards, and a few minutes later, several officers arrive at cell 143.

A large officer, identified as officer Schimmelpenny, in the first step grievance response, asks the plaintiff to turn around and cuff up. The plaintiff immediately complied by turning around and offering himself to be restrained. The officers then opened the door to cell 143.

Officer Schimmelpenny was angry with the plaintiff because he'd been made to believe the plaintiff had been making threats to other corrections officers. Out of anger, officer Schimmelpenny sadistically and maliciously twisted the plaintiff's left arm causing the plaintiff excruciating pain before placing it into restraints extremely tight.

The plaintiff realized Officer Schimmelpenny was using excessive force so he spoke up loud and clearly "Be careful with my right hand because it was recently broken," he informed Schimmelpenny.

In response, Officer Schimmelpenny took the opportunity to deal pain and damage the the hand he'd learned had been recently broken. He grabbed the plaintiff's right hand and violently twisted it 180° before placing it in the handcuffs backwards. The plaintiff immediately cried out in pain, and informed all the officers present that he was in excruciating pain. Officer Schimmelpenny's actions constitute torture and a violation of the rights guaranteed to the plaintiff by the eighth amendment of the United States constitution. The other unidentified officers are guilty of torture and cruel and unusual punishment by blatantly ignoring the plaintiff's cries of anguish and continuing to transport the plaintiff to Steamboat unit without addressing his pleas. He repeatedly requested they place the handcuffs on him properly. He had not been resisting being restrained so use of force had not been warranted.

Upon arriving at Steamboat unit the plaintiff was referred to health care to be seen about the damage done to his recently broken right hand. The medical technician the plaintiff seen noted swelling on the plaintiff's right hand and scheduled him for X-rays to be taken. The plaintiff was given medications for the pain. The plaintiff hadn't been experiencing pain in his right hand prior to officer Schimmelpenny sadistically twisting the hand and placing it in the handcuffs backwards. This has caused mental suffering and a stinging pain in the right hand that the plaintiff continues to the experience presently. This has made the plaintiff's work as a poet and novelist interrupted because he has to stop writing his manuscripts because of the intense pain he experiences. The plaintiff also suffers mentally from recurring nightmares in which he is attacked by angry officers. For punitive damages, the plaintiff is requesting monetary compensation in the amount of $650,000,000, and a personal apology from officer Schimmelpenny.

Next, since the defendants are agents of the state government, their actions of cruel and unusual punishment are considered a form of punishment. Since the plaintiff was not in commission of a crime or found guilty of a crime outside of the one the plaintiff was serving a sentence for, the plaintiff's fifth amendment rights were violated when the defendants engaged in corporal punishment by injuring him intentionally. The fifth amendment protects the plaintiff from being in jeopardy of life and limb twice for the same offense. Since the plaintiff was injured and dealt a punishment from the defendants whom were agents of the state government, the plaintiff was subjected to punishment for the crime he had been sentenced for twice in violation of his fifth amendment rights. The plaintiff argues that the state can only offer remedy by having his current sentence terminated and payments made to the plaintiff for $10,000 a day for each day the plaintiff was held in confinement after the defendants used cruel and unusual punishment on the plaintiff.

The plaintiff had been held in segregation for five months following the incident. He has exhausted all administrative remedies and is respectfully asking the federal courts to judge his case.

Statement of Claim - Dantrell Sims  —  [signature]  3-14-24

IV. **Relief**

State briefly and precisely what you want the court to do for you.

I wish for the Court to uphold the Law and reward me punitive Damages of $650,000,000 for the pysical pain and suffering I went through and am going through. I ask the Court award me $10,000 a day for every day I spent in custody of the MDOC past 7-24-23, And I ask the Court rule my current Sentence of 1-10 years for Great bodily harm vacated. -Thank You

V. **Notice to Plaintiff Regarding Consent**

In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, you are hereby notified that the United States magistrate judges of this district court may, upon your consent, conduct any or all proceedings in this case, including a jury trial and entry of a final judgment. If you consent, any appeal from a judgment entered by a magistrate judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

Magistrate judges have greater flexibility in their schedules than district judges, who have heavy criminal caseloads that take priority over civil trials. Accordingly, the magistrate judges are generally able to schedule prisoner civil rights cases for jury trial much sooner, and they are able to provide firm trial dates. Magistrate judges are experienced trial judges who handle a great number of prisoner civil rights cases.

Your decision to consent to the dispositive jurisdiction of a United States magistrate is entirely voluntary. If you do not consent to a magistrate judge, the case will be randomly assigned to a district judge. The magistrate judge already assigned to this case would continue to decide all pretrial matters and would handle all dispositive motions by report and recommendation.

Please check **ONE** box below to indicate whether you voluntarily consent to proceed with a United States magistrate judge or if you would instead prefer that the case be assigned to a district judge.

[✓] I hereby voluntarily consent to the United States magistrate judge conducting all proceedings in this case, including entry of a final judgment and all post-judgment matters.

[ ] I request that this case be assigned to a district judge.

3-14-24
**Date**

*[signature]*
**Signature of Plaintiff**

**NOTICE TO PLAINTIFF(S)**

The failure of a *pro se* litigant to keep the court apprised of an address change may be considered cause for dismissal.



Clerk of Court
U.S. District Court
399 Federal Building
110 Michigan St. NW
Grand Rapids, MI 49503

2.35

Dantrell Sims #770573
Bellamy Creek Correctional Facility
1727 Bluewater Hwy
Ionia, MI 48846